IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARSENIO R. ANAYA,

    Petitioner,

v.                                      No. 22-cv-0766-MIS-DLM

FNU HATCH and
HECTOR BALDERAS,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Arsenio Anaya's Fourth Habeas Petition Under 28 U.S.C. § 2254 ("Fourth Petition"). ECF No. 1. Anaya is incarcerated and proceeding *pro se.* He challenges his 2018 state convictions, which were considered in a prior § 2254 proceeding. Because the Court lacks jurisdiction to consider successive habeas applications without prior authorization from the Tenth Circuit, the Fourth Petition must be dismissed without prejudice.

### BACKGROUND[1]

Anaya pled guilty in 2018 to aggravated driving under the influence of drugs or alcohol (8th offense), driving on a revoked license, and fleeing a law enforcement officer. *See* Plea and Disposition Agreement in D-412-CR-2017-00251. On February 25, 2020, the state court sentenced Anaya to ten years' imprisonment. *See* ECF No. 1 at 3. Anaya filed a motion to reconsider sentence, a state habeas petition, and a direct appeal with the New Mexico Court of Appeals. *See* Docket Sheet in D-412-CR-2017-00251. The state trial court denied relief by an omnibus order entered April 16, 2021, and the New Mexico Court of Appeals issued a mandate

---

[1] The background facts are taken from the Fourth Petition and Anaya's state criminal dockets, Case Nos. D-412-CR-2017-00251, A-1-CA-39249, and S-1-SC-38876, which are subject to judicial notice. *See Mitchell v. Dowling*, 672 F. App'x 792, 794 (10th Cir. 2016) (stating that habeas courts may take "judicial notice of the state-court docket sheet").

dismissing the appeal on April 27, 2021. *See* Omnibus Order and Mandate in D-412-CR-2017-00251.

Anaya filed his first federal § 2254 habeas petition a few weeks later, on May 17, 2021. *See* ECF No. 1 in 21-cv-0460 WJ-GJF ("First Petition"). Therein, he asked this Court to vacate the state convictions under 28 U.S.C. § 2254, arguing his blood alcohol test constitutes an illegal search. *See* First Petition at 5. The Court (Hon. William Johnson) dismissed the First Petition without prejudice for failure to exhaust state remedies. Anaya filed a second § 2254 petition shortly thereafter, which was dismissed for the same reason. *See* 21-cv-650 JCH-SCY.

Anaya eventually completed the state appeal process and filed his third § 2254 habeas petition on August 26, 2021. *See* ECF No. 1 in 21-cv-834 KG-GBW ("Third Petition"). The Third Petition challenged the state drunk driving convictions in Case No. D-412-CR-2017-00251. Respondents filed an answer, and the Court (Hon. Kenneth Gonzales) referred the matter to the assigned Magistrate Judge for an investigation on the merits. The following year, Judge Gonzales denied the Third Petition and declined to grant a certificate of appealability. Final Judgment was entered on August 19, 2022. *See* ECF No. 31 in 21-cv-834 KG-GBW.

Anaya filed the instant, Fourth Petition under § 2254 on October 14, 2022.[2] There is no indication the Tenth Circuit authorized him to file a successive habeas application. As in the prior petitions, Anaya challenges his state convictions stemming from the drunk driving arrest, Case No. 412-CR-2017-00251. *See* ECF No. 1 at 3. Anaya again argues the blood alcohol test constitutes an illegal search under the Fourth Amendment. *Id.* The Fourth Petition is ready for *sua sponte*

---

[2] The Fourth Petition appears on the state habeas form, which does not cite § 2254, but Anaya filed a separate letter-inquiry clarifying that he seeks relief under § 2254. *See* ECF No. 2.

screening under Habeas Corpus Rule 4. As part of the screening, the Court will consider whether it has jurisdiction over Anaya's successive habeas claims.

## DISCUSSION

By statute, Federal District Courts have jurisdiction over a state inmate's first 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2244(a); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the petitioner must obtain authorization from the Tenth Circuit before filing a successive § 2254 claim. *See* 28 U.S.C. § 2244(b)(3) ("Before a . . . successive [habeas] application … is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The failure to obtain such authorization is a jurisdictional defect barring relief. *See Cline*, 531 F.3d at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

Where, as here, the petitioner files a successive § 2254 petition without authorization, the District Court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interests of justice to do so . . . , or it may dismiss the [petition] . . . for lack of jurisdiction." *Cline*, 531 F.3d at 1252. Factors to consider in evaluating those options include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a successive § 2254 petition must be based on newly discovered evidence; factual innocence; or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2).

Considering the above factors, a transfer is not in the interests of justice. The Fourth

Petition may be timely, but it is not based on any new Supreme Court law or newly discovered evidence. There are also no allegations that show Anaya is factually innocent of the charged crimes. *See United States v. Maravilla*, 566 F. App'x 704, 708 (10th Cir. 2014) (a colorable successive habeas claim must be based on factual innocence, not legal insufficiency). Anaya re-asserts his illegal search argument, which was already considered and rejected on the merits. The federal docket reflects he was given notice of each ruling in the most recent habeas case, and none of the documents were returned as undeliverable. *See* Docket Sheet in 21-cv-834 KG-GBW. It therefore appears Anaya is aware he is relitigating the § 2254 claims, even if he is not aware of the bar on successive habeas claims.

For these reasons, the Court declines to transfer the Fourth Petition to the Tenth Circuit and will instead dismiss it for lack of jurisdiction. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment . . . debatable or wrong").

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner Arsenio Anaya's Fourth Habeas Petition Under 28 U.S.C. § 2254, ECF No. 1, is **DISMISSED without prejudice**;

2. A certificate of appealability is **DENIED**;

3. All pending motions are **DENIED AS MOOT**; and

4. The Court will enter a separate judgment closing the civil habeas case.

*/s/ Margaret Strickland*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE